**SIGNED THIS: January 24, 2014**

_____
**Thomas L. Perkins
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RICHARD A. OLSON and ) | No. 13-80815 |
| ANGELA M. OLSON, ) | |
| Debtors. ) | |

**O P I N I O N**

The unusual issue before the Court concerns the effect to be given an order granting a trustee's motion to enlarge the time for challenging the debtors' discharge. The Debtors, Richard and Angela Olson, filed for relief under chapter 7 on April 19, 2013. The meeting of creditors was scheduled for May 29, 2013, thus making July 28, 2013 the deadline for filing a complaint objecting to the discharge. *See* Fed. R. Bankr. Pro. 4004(a).

On July 11, 2013, the chapter 7 Trustee, Gary Rafool, filed a motion seeking turnover of a substantial number of nonexempt assets or the nonexempt value of assets, alleging that the Debtors failed to schedule various valuable assets and grossly undervalued other assets. That same day, the Trustee also filed a timely motion to extend the deadline to object to the discharge, seeking an extension for the benefit of the Trustee and the United

States Trustee (UST), so that an investigation into the Debtors' conduct could be completed. The motion requested an extension of the deadline to the *earlier* of (1) the turnover to the Trustee of all nonexempt assets or their values and the completion by the Trustee and UST of their investigation of the Debtors' conduct, or (2) December 31, 2013.

Both motions were processed by objection notice, no objections were filed and the clerk requested orders from the Trustee.  The order submitted by the Trustee granting the extension of time, entered on August 1, 2013 (the extension order), provides that the time for the Trustee and UST to object to the discharge is extended until the *earlier* of (1) when the Debtors have turned over to the Trustee "all of their property or its values which exceeds their allowed exemption," or (2) December 31, 2013.  The order for turnover, entered August 5, 2013 (the turnover order), orders the Debtors to turn over to the Trustee a variety of property, including a ring, exercise equipment, mowers, grills and yard equipment, furniture and electronics, two vehicles, an installment sales contract entered into by the Debtors as sellers and all postpetition payments received under the contract.

On November 22, 2013, the Debtors filed a motion to grant their discharge, alleging that all of their nonexempt property or its value had been turned over to or abandoned by the Trustee, that the terms for expiration of the discharge objection deadline set forth in the August 1, 2013 order have thereby been satisfied, so that the discharge should enter.  The motion was set to be heard on December 16, 2013.

On December 5, 2013, the UST filed an adversary complaint to deny the discharges of each Debtor under sections 727(a)(2) and (a)(4) of the Bankruptcy Code, alleging the Debtors intentionally concealed assets, made a false oath when they omitted assets from

their verified schedules, and gave false testimony at the meeting of creditors and at a subsequent Rule 2004 exam.

In the main bankruptcy case, the UST filed a response in opposition to the Debtors' motion for discharge, as well as a supplemental objection. The Debtors filed a reply to the UST's objections. The Debtors have not filed a motion to dismiss the adversary complaint as time barred, but the parties agreed at the December 16 hearing that it was proper for the Court to address the issue of the timeliness of that complaint the same as if such a motion had been filed.

## **DISCUSSION**

The discharge is the principal mechanism by which debtors achieve a fresh start. As such, a debtor's right to a discharge should be liberally enforced by bankruptcy courts. Exceptions to discharge are strictly construed against creditors and liberally in favor of the debtor. *Stamat v. Neary,* 635 F.3d 974, 979 (7th Cir. 2011). An interested party who wishes to oppose the discharge must act quickly, by filing a complaint within 60 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4004(a). That deadline may be extended by court order, but only upon motion filed before the time has expired and only upon a showing of cause. Fed. R. Bankr. P. 4004(b)(1). Once the time has expired and where no unresolved motions pertaining to discharge are pending, the court is instructed to grant the discharge "forthwith." Fed. R. Bankr. P. 4004(c)(1).

When an extension of the discharge objection deadline is ordered, the deadline is ordinarily, and preferably, extended to a date certain, which may be enforced without ambiguity or dispute. In the case at bar, however, the Trustee included in his motion and

3

order an alternative, earlier expiration point tied to the Debtors' out-of-court compliance with the separate turnover order. That provision is now in dispute.

At the hearing on December 16, 2013, the Court carefully inquired whether there was any dispute that the Debtors had, in fact, fully complied with the turnover order. Eventually, both the Trustee and the UST conceded that the Debtors had turned over all of their nonexempt assets. They hedged that concession by pointing out that the Trustee is still now collecting payments from the purchaser under the installment contract, so that the estate cannot yet be closed, but they admitted that in July, 2013, the Trustee received two postpetition contract payments from the Debtors, and that the Trustee had received all the documents and information that he needed to collect future payments from the purchasers. Based on the December 16, 2013 hearing, the Court finds as a matter of undisputed fact that the Debtors fully complied with the turnover order and that their compliance was completed prior to their filing of the motion for discharge on November 22, 2013.

In her objection and supplemental objection, the UST presents a laundry list of reasons why the discharge should not be entered. Each of those reasons is addressed, and rejected, as follows.

In the title of their motion for discharge, the Debtors cited Bankruptcy Rule 1017(e), which the UST correctly argues is inapplicable. In the body of the motion, however, the Debtors correctly cited Rule 4004, which is the basis for the relief they request. So the Debtors have not pleaded themselves out of court.

The UST argues that the extension order should be construed as requiring the

Trustee's "written correspondence notifying the Court that he is releasing his hold on the discharge." The extension order says no such thing and the Court will not read a condition into an order which is unambiguously unconditional.

The UST contends that the fact that the estate is not fully administered, as the Trustee is still collecting payments from the installment contract purchaser, should make a difference. In fact, the status of the Trustee's administration is irrelevant, since the extension order refers only to the Debtors' actions - turnover - not to the Trustee's administration.

The UST points out that the Trustee's motion (but not the extension order) includes a separate condition, that the objection deadline not run until the Trustee and UST have completed their investigation of the Debtors' conduct. Whether by design or by oversight, the extension order does not contain that condition. The terms of the extension order control here, not provisions of the motion that were omitted from the order. While it may have been possible to "correct" the extension order, upon motion and hearing, while it was still executory, once any of its stated conditions occurred, the Debtors' rights became choate and the opportunity to change the order's terms was lost.

The UST points out that the Debtors and their attorney have been aware since the 2004 exam on June 26, 2013, that the Debtors' right to a discharge was going to be challenged and that she had proposed that the Debtors consent to a waiver of discharge as the only way for them to avoid a discharge objection. The UST argues that the Debtors in this case concealed assets, undervalued other assets and made numerous false oaths, so that they have unclean hands. In this Court's view, enforcement of the extension order is

5

not a matter of equity. The perceived strength of an allegation that debtors engaged in misconduct actionable under 727, no matter how stridently asserted, can play no role in determining whether a 727 complaint is untimely. The very purpose of the limitations period is to protect all debtors, even those who might have been found guilty, from prosecution of a section 727 cause of action not timely brought.

In *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), the Supreme Court expressly declined to decide whether there could be equitable exceptions to the deadline set by Rule 4004(a). COLLIERS takes the position that Rule 4004(b) provides the only circumstances in which the deadline can be extended, i.e., by motion and order. 9 COLLIER ON BANKRUPTCY, ¶ 4004.02[4] (Alan N. Resnick & Henry J. Sommer eds, 16th ed.). The Seventh Circuit Court of Appeals, whose *Kontrick* decision was affirmed by the Supreme Court, determined that the only equitable defenses available to one who files a late § 727 complaint are waiver, estoppel and equitable tolling, but not excusable neglect. *In re Kontrick,* 295 F.3d 724 (7th Cir. 2002). The UST has not alleged that any of these equitable defenses apply here.[1] The mere fact that a plaintiff communicates to a debtor an intent to file an objection to discharge does not serve as an equitable defense or otherwise excuse an untimely complaint. *In re Lopresti,* 397 B.R. 62, 67 (Bankr.N.D.Ill. 2008).

The UST contends that the Debtors' attorney's failure, during a November 18 or 19, 2013, conversation to assert that the objection deadline had expired is significant. The Court disagrees. The attorney's silence cannot be construed as the intentional relinquishment of the right to rely on the terms of the extension order so as to constitute

---

[1] The UST does not suggest that the Debtors promised her that they would not raise the statute of limitations, in which case they might have been estopped from asserting it. *See, Julian v. Hanna,* 732 F.3d 842, 849 (7th Cir. 2013).

a waiver. Similarly, the attorney's request that the UST hold off filing the complaint, without a promise not to rely on the deadline, does not result in an estoppel. *See Julian v. Hanna,* 732 F.3d at 849. In *Kontrick,* the Supreme Court held that a debtor forfeits the right to rely on the time limit to file an objection to discharge if the debtor does not formally raise the issue before the bankruptcy court reaches the merits of the objection. There is no basis to radically extend that ruling to informal conversations between counsel.

Moreover, there is nothing deceptive, devious or objectionable about the Debtors' attorney's willingness to continue to negotiate even after the expiration, in his view, of the objection deadline. The UST made a settlement offer concerning the waivers of discharge and the attorney had an ethical obligation to make his clients aware of it. Whether and when to file a complaint was within the UST's discretion. If the UST and the Trustee mistakenly believed that the deadline was absolutely December 31, 2013, the Debtors and their attorney cannot be blamed for that misreading of the extension order.

In her supplemental objection, the UST suggests that the Trustee made a mistake when he uploaded to the clerk's office a proposed extension order that did not include the condition that the investigations into the Debtors' conduct be completed. She proposes that the Court could vacate the order and enter a new one that includes all of the conditions contained in the Trustee's motion. The Court declines this proposal. The extension order is clear and unambiguous and is enforceable according to its terms. As indicated above, while the extension order may have been subject to being modified shortly after its entry, the stated condition has occurred and the Debtors will not be deprived of the benefit of the order on an after-the-fact basis.

For her next argument, the UST contends that the extension order should not be

binding on the UST since the Trustee prepared the order and uploaded it without any input from or review by the UST. The UST, however, willingly allowed the Trustee to seek an extension on her behalf. The motion was expressly made for the benefit of both the Trustee and the UST. The extension order expressly granted the extension for the benefit of both the Trustee and the UST. The UST is bound by the terms of the order.

For her final argument, the UST contends that Bankruptcy Rule 4004(c), providing that the court shall grant the discharge forthwith upon expiration of the times "fixed" for objecting to discharge, should be interpreted to mean that extensions must be granted to a date certain. She argues that compliance with a turnover order is not a fixed date event, and thus cannot be enforced. The Court disagrees.

Although this Court has a strong preference for short-term fixed date extensions, some trustees like to use the threat of an objection to discharge as leverage to obtain a debtor's cooperation, often involving turnover of assets. Where no objection is raised, this Court has permitted trustees to do so and has entered orders that use compliance as an alternative or sole deadline, as was done in the case at bar. The Rule's use of the word "fixed" in paragraph (c)(1) should not be construed as a limitation on a court's power to grant alternative forms of relief if the movant so requests and if no objection is raised. Further, the UST should not be heard to complain about the compliance alternative when she asks the Court to order yet a third alternative, and another non-fixed-date one, tying the deadline to her completion of the investigation into the Debtors' conduct.

The Trustee chose to use a non-fixed-date alternative and the UST acquiesced in that

choice.  There is no dispute that the Debtors satisfied one of the extension order's termination events and they are entitled to have the extension order enforced as written. The Debtors' motion to grant their discharge will be allowed.  The adversary complaint filed in Adv. No. 13-8067 will be dismissed as untimely.  This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###